## Case No. 7,716.

### The KENTUCKY.

[4 Blatchf. 325: [1] 1 West. Law Month. 425;
41 Hunt, Mer. Mag. 75.]

Circuit Court, N. D. New York. May 26, 1859.

COLLISION—BETWEEN STEAMER AND SAILING VESSEL—RIGHT OF WAY.

Where a steamer and a sailing vessel, before a collision between them, were approaching each other on opposite courses, on a clear starlight night, and the lights of each approaching vessel were seen by the hands on the other several miles from the place of collision, and were plainly in sight, and observed by them from the time they were first seen until the collision happened: *Held*, that it was the duty of the sailing vessel to keep her course, and that of the steamer to adopt the proper measures to avoid her.

[See Baker v. The City of New York, Case No. 765.]

[Appeal from the district court of the United States for the Northern district of New York.]

This was a libel in rem, filed in the district court, by the owner of the schooner Cataract, against the propeller Kentucky, to recover damages for a collision which occurred on Lake Erie. The district court held the Kentucky to be in fault, and decreed against her for $19,427.75. [Case unreported.] The claimants appealed to this court.

[See Case No. 7,717.]

## Case No. 7,717.

### The KENTUCKY.

[4 Blatchf. 448.] [1]

Circuit Court, N. D. New York. Sept. 1, 1860.

ADMIRALTY—STIPULATION—SURETY—EXEMPTION FROM LIABILITY TO IMPRISONMENT—REAL ESTATE OF SURETY—RULES OF PRACTICE.

1. Under the act of February 28th, 1839 (5 Stat. 321), and the act of January 14th, 1841 (5 Stat. 410), a surety in a stipulation in admiralty is exempt from liability to imprisonment on an execution issued by a district court on a decree in the suit in which the stipulation was given, in all cases where he would be exempt in like process issued from a court of the state in which the district court is held.

2. Such a surety is exempt from such liability on an execution issued by a district court in New York, because the state of New York, by an act passed in 1831, abolished imprisonment for debt.

3. The general understanding of the 6th section of the act of August 23d, 1842 (5 Stat. 518), giving power to the supreme court to frame rules of practice, has been, that that court had no power to repeal or modify any regulation of congress existing on the subjects there referred to.

4. Rule 21 in admiralty, adopted by the supreme court at the January term, in 1845, giving to a libellant the right to arrest the body of a defendant in execution, was modified by rule 48, adopted by the supreme court at the December term, in 1850, and, since that rule was adopted, there has been no imprisonment for debt, upon an execution in admiralty, in New York.

5. The real estate of a surety is subject to an execution in admiralty, the lien of the decree being regulated by the act of July 4th, 1840 (5 Stat. 393).

This was a motion on the part of the libellant, Lucius H. Pratt, to vacate an order made by Mr. Justice Nelson, at chambers, on the 26th of August, 1859, discharging stipulators or sureties from imprisonment. The libellant had obtained a decree, in the district court, in a case of collision, for the

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

sum of $19,427.75, from which an appeal was taken to this court, and the decree was affirmed. [Case No. 7,716.] The usual decree had been entered in the district court, against the claimants, and also against the sureties. After affirmance in this court, execution was issued against the goods and chattels, lands and tenements, of the claimants, and, also, against the sureties, with a clause directing the arrest and imprisonment of the sureties, in case of default in making the amount of the decree out of the property; and, in pursuance thereof, the sureties were arrested and imprisoned in the jail of the county of Oswego.

NELSON, Circuit Justice. The question in this case is, whether or not the sureties were liable to imprisonment, under the laws of congress. The act of February 28th, 1839 (5 Stat. 321), provides, "that no person shall be imprisoned for debt in any state, on process issuing out of a court of the United States, where, by the laws of such state, imprisonment for debt has been abolished." By the act of January 14th, 1841 (5 Stat. 410), it is provided, that the act of 1839 "shall be so construed as to abolish imprisonment for debt on process issuing out of any court of the United States, in all cases whatever, where, by the laws of the state in which the said court shall be held, imprisonment for debt has been, or shall hereafter be, abolished." By an act passed in 1831, the state of New York abolished imprisonment for debt on execution upon any judgment or decree founded upon contract, which is the character of the decree against the sureties in the present case.

It is insisted, however, that the acts of congress of 1839 and 1841 have been modified by the 21st rule in admiralty, adopted at the January term, in 1845, of the supreme court of the United States, which, in terms, gives to the libellant the right to arrest the body of the defendant, on execution. That rule was adopted under the authority conferred upon the court by the sixth section of the act of congress passed August 23d, 1842 (5 Stat. 518). It is not material to determine whether or not that rule was within the power there conferred upon the court, but I think it proper to say, that the general understanding of that act has been, that the court had no power to repeal or modify any regulation of congress existing on the subjects there referred to. It is true, that some of the district judges took a different view of the act of 1842, and expressed opinions, that imprisonment for debt in admiralty still existed by virtue of that rule. This led to its modification by rule 48, adopted at the December term, in 1850, and which, in direct terms, conforms the practice to the acts of 1839 and 1841. Since the adoption of this rule, so far as I know or believe, there has been no imprisonment for debt, upon an execution in admiralty, in this state.

Rule 48 was drawn with great care, and with the express purpose of conforming the practice, in suits sounding in contract, in the district court, in admiralty, as to the arrest and imprisonment of the person of the defendant, to that of the state, in like or analogous cases. Hence, the rule declares, that imprisonment for debt shall be abolished in all cases where, by the laws of the state, it has been or shall be abolished, "upon similar or analogous process issuing from a state court." That is, if a defendant in the state courts is exempt from personal arrest and imprisonment on all process, whether mesne or final, in cases sounding in contract, then the defendant in admiralty will, in all such cases, be, in like manner, exempt.

It was suggested, on the argument, that the real estate of the sureties was not subject to the execution in admiralty; but this is clearly a misapprehension, as the practice is otherwise, and the liens of judgments and decrees in the federal courts are regulated by act of congress (Act July 4, 1840, § 4; 5 Stat. 393).

I have never entertained a doubt upon the principal question here raised, since the adoption of rule 48; and, indeed, if it had come before me prior to the making of that rule, I would have held, that the 21st rule in admiralty should be construed as qualified by the acts of 1839 and 1841.

Without pursuing the question in the case further, I am satisfied that the sureties were entitled to their discharge, and that the motion should be denied. If I had entertained a doubt upon the question, or regarded it as new, I should not have granted the discharge without requiring notice to the proctors for the libellant, but, having a settled conviction that the proceeding was unwarranted. I deemed it right to act in the matter without further delay. As, however, the summary disposition of the motion deprives the libellant of a review of the question in the appellate court, I shall direct that the record be made up in form by his proctors, if they desire, so as to present the question as having been decided upon the return to a writ of habeas corpus, embodying the facts set forth in the affidavit and schedule upon which the motion was granted; and, inasmuch as the question had not been adjudicated, and different opinions had been expressed in the district courts, and, indeed, in the circuit court of the United States for the first circuit, I shall modify the order granting the discharge. so as to forbid any suit against the libellant or his proctors, or the marshal, for the illegal arrest and imprisonment. Let a rule be entered by the clerk in conformity with the above directions.